IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Deutsche Bank National Trust Company, as Indenture Trustee, on Behalf of the Holders of the Accredited Mortgage Loan Trust 2007-1 Asset Backed Notes,<br><br>Plaintiff,<br><br>v.<br><br>James S. Reese, Jr.; Richie D. Barnes ; U.S. National Bank National Association, not in its individual capacity but solely as Trustee for the CIM Trust 2020-NRI Mortgage-Backed Notes, Series 2020-NR1,<br><br>Defendants. | C/A No. 3:26-cv-1066-JFA<br><br><br>**MEMORANDUM OPINION AND ORDER** |

## I.    INTRODUCTION

James S. Reese, ("Defendant" or "Reese"), proceeding pro se, filed a notice of removal that purports to remove a partition action filed by Plaintiff in the Court of Common Pleas for Richland County, South Carolina. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the notice of removal, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that this case should be remanded to the Richland County Court of Common Pleas for lack of subject matter jurisdiction. (ECF No. 4). The Report sets forth, in detail, the relevant facts and

standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Defendant filed objections to this Report, (ECF No. 8), along with an "amended notice of removal." (ECF No. 9). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report

2

thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 10). Defendant Reese indicates that "Plaintiff originally filed a mortgage foreclosure action in state court seeking foreclosure of the mortgage on Defendants' residence, possession of property, and related monetary relief." (ECF No. 1). Defendant indicated that he was removing the matter based on diversity of citizenship between the parties. *Id.* Defendant also now argues that he is removing this action based on federal question jurisdiction, 28 U.S.C. § 1331. (ECF Nos. 8 & 9).

3

The Report recommends remanding this action for a litany of reasons. The Magistrate Judge notes numerous procedural issues with Defendant's notice of removal including that it did not list the citizenship of each party, was not filed within 30 days of service of the initial pleading, and was only signed by Defendant Reese. (ECF No. 4, p. 4). Additionally, the Report notes that Reese, at the time of the filing, appeared to be a citizen of South Carolina and accordingly § 1441(b)(2), the "forum-defendant rule" precludes him from removing the case.

Defendant filed objections to the Report along with an "Amended Notice of Removal." (ECF Nos. 8 & 9). Even if the clear procedural deficiencies in Defendant's "Amended Notice of Removal" were ignored, the Amended Notice along with the objections fail to successfully assert subject matter jurisdiction in this action. Defendant Reese enumerates four specific objections; each is addressed herein.

<u>Objections 1 and 3</u>

Defendant's first and third objections argue that the Report erred in not finding federal question jurisdiction pursuant to 28 U.S.C. § 1331 which allows that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Reese argues that "Defendants' defenses an counterclaims, as previewed in the Amended Notice of Removal, will include allegations of (a) improper or incomplete [Truth in Lending Act] disclosures at origination, (b) violations of [Real Estate Settlement Procedures Act]'s servicing and notice provisions relating to transfers, force-placed insurance, and loss-mitigation, and (c) dual-tracking and foreclosure practices prohibited by Regulation X." (ECF No. 8, p. 3).

"The phrase 'arising under' in [§ 1331] was interpreted in *Louisville & Nashville Railroad Co. v. Mottley,*[211 U.S. 149, 152–53, 29 S.Ct. 42, 53 L.Ed. 126 (1908)] to limit federal-question jurisdiction to cases where federal law is properly presented in the 'plaintiff's original cause of action,' rather than coming up as a defense." *Honeywell Int'l Inc. v. OPTO Elecs. Co., LTD*., 135 F.4th 170, 176 (4th Cir. 2025). This interpretation is often referred to as the "well-pleaded complaint" rule and requires that the federal issue giving rise to plaintiff's complaint be discovered on the face of the complaint which asserts only the causes of action raised. The well-pleaded complaint rule undermines Defendant Reese's argument that federal subject matter jurisdiction should be found due to the anticipated defenses which may be raised.[1] Thus, Defendant's first and third objections are overruled.

Objection 2

Defendant's second objection takes issue with the Report's determination that the "forum-defendant rule" bars removal. Given this Court's determination that federal question jurisdiction is lacking, the "forum-defendant rule" which states that "a civil action otherwise removable solely on the basis of [diversity] jurisdiction … may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," 28 U.S.C. § 1441(b)(2), is applicable.

---

[1] Further, to the extent Defendant Reese argues that federal issues are embedded in Plaintiff's claim, this argument is denied. This Court does not find that this matter contains "a state-law claim [that] necessarily raise[s] a stated federal issue, [is] actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

Here, it appears Defendant Reese misunderstands the application of the "forum-defendant rule." He states that Defendant Reese is domiciled in Chicago, and that Defendant Richie D. Barnes is domiciled in South Carolina. He then states in his objections that "Defendants' prior pro se filings may have imprecisely described residency, but domicile, not temporary residence, controls citizenship for diversity purposes, and the Amended Notice of Removal clarifies the correct domiciles." (ECF No. 8, p. 5). Defendant Reese purports to have the consent of all other Defendants in removing this action. He also presents that Defendant Richie D. Barnes is domiciled in South Carolina. Accordingly, the home-state defendant rule, 25 U.S.C. § 1441(b)(2), precludes removal of this action irrespective of a finding of complete diversity between the parties. Thus, the Report did not err in finding subject matter jurisdiction lacking. Therefore, Defendant's second objection is overruled.

<u>Objection 4</u>

Defendant's fourth objection argues that "The R&R's procedural removal analysis is moot or incorrect." (ECF No. 8). The Report noted that the notice of removal was deficient because it did not contain the citizenship of all parties, was filed beyond the allotted thirty days, and did not have the consent of all parties. Defendant avers that his "Amended Notice of Remvoal" cures these deficiencies. Not so. However, any arguments regarding these procedural deficiencies are inconsequential as, for the reasons stated herein, even if removal had been procedurally proper, this Court lacks subject matter jurisdiction. Accordingly, Defendant's fourth objection is dismissed.

## IV.    CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 4). For the reasons discussed above and in the Report, this matter is remanded to the Court of Common Pleas for Richland County, South Carolina, for lack of subject matter jurisdiction. Consequently, all pending motions in this case are terminated as moot.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

July 14, 2026                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge